Good morning. First of all, apologies to everyone for the delay. The technology is great when it works, but it is imperfect. Before we begin, we have three cases on this morning's docket that are submitted on the briefs at this time. Those are Tello Cifuentes v. Garland, Marquez Chavez v. Garland, and Nolasco Amaya v. Garland. I also want to remind counsel that the time on your clock for appellants is your total time, so keep track if you'd like to reserve some rebuttal. With that, we will hear argument in Molina-Carillo v. Garland, and you may begin when you're ready. May it please the court, Louis Gordon, on behalf of the petitioner Yosmany Molina-Carillo, I'd like to reserve three minutes for rebuttal. Mr. Molina is a Cuban dissident who, after a series of incidents, fled the country and was taken into custody by Immigration Customs Enforcement in the United States. He's seeking asylum. Specifically, the first incident that happened to him in February 2018 occurred when police detained him and told him that he was being detained for manifestations against the government. Mr. Gordon, you don't have a lot of time, so we're really dwelling on the issue of what has to be shown in order to overcome having the matter dismissed. I would like you to address, in your view, do the quote-unquote strict specificity requirements discussed in the matter of Valencia and Toccaro v. INS apply to non-citizens filing notices of appeal pro se? Well, we have another line of cases under Wren, which says that litigants should be construed liberally. Well, I understand that, but that wasn't quite my question. My question was, do those cases apply to non-citizens? I believe they apply to non-citizens, but I want to focus very specifically on that notice of appeal, and the notice of appeal says that he has a fear to return to his native country of Cuba due to his protected ground, that's political opinion. I don't see how, at least on that very narrow issue, that the board can't understand what his issue is. Well, but wait, let me ask you this. He argues that several of the IJ's findings were erroneous, including the findings regarding past persecution, the nexus between the alleged persecution and his political opinion, his fear of future persecution, and his ability to relocate. Did his statement put the BIA on notice of each of those contentions? So, in a broad way, yes, but in a narrow way, in a very limited narrow way of his fear of going back to Cuba, the board is on notice of that. I want to hammer that point because, yes, I will argue, I wrote that brief, and I will argue that the board is on notice of everything, but in a very narrow way, this is a 74-page transcript. And there's really the only country conditions there are the State Department report, which supports his claim and supports what happened to him, and he's found credible. Well, the 74 pages, I wanted to ask you about that, because you seem to say that that's relevant, and is what you're saying, if it's a short transcript, then the board can just read that and then understand it, or what's the relevance of it's only 74 pages? Well, I think the relevance is, as the Attorney General had argued in their brief, that the reason behind the summary affirmance rule is so the board doesn't have to go through voluminous records to find what might have been the issue and maybe then find the appeals not valid, or he would lose. But in this particular case, if we're going to give him due process and actually look at his claim, this is a very short record. In fact, the board could just look at the IJ's decision, the State Department report, which it does in every single case, and his notice of appeal, and see at least on that very narrow issue of a fear that he has a claim that the board should have looked at. I don't think this is really a hard issue on that very narrow claim. Mr. Gordon, I want to make sure I understand where you're coming from. Are you saying that the specificity rule shouldn't apply in this case because your client was pro se, or are you saying that the specificity rule is satisfied? Well, I'm saying that the specificity rule should not apply in a pro se situation. Okay, so then if that's your position, what do you do with the Garcia-Cortez case, which was involving a pro se litigant at the agency, and we as a court applied the Tequera rule and the specificity rule? Okay, so what I would do is I would say that the facts in this particular case are specific enough, at least on this issue, for the very narrow issue that he has a fear based on a political opinion. It's specific enough. Did you wish to save some rebuttal time? Yes, yes, I do, Your Honor. We'll hear that from the government. May it please the court. I'm Virginia Gordon for the respondent. Your Honors, the board did not violate Mr. Molina-Carrillo's due process rights by summarily dismissing his appeal because his statement was not sufficiently specific. Counselor, let me ask you this. In a very slightly different context in Coronado and Wren, we said that the BIA can't ignore a pro se litigant's inartful legal arguments, but has to give them a reasonably generous view. Do you agree or disagree with the proposition that that principle should apply to a notice of appeal? Your Honor, we would agree that it should apply to a notice of appeal, but we also have the board's, yes. Okay, then my next question is, do you agree or disagree with the proposition that the purpose of the specificity requirement is to avoid making the BIA search through the record and speculate about what the person's claims are? Yes, and we do agree to that as well, Your Honor. Okay, well then why isn't this sufficient and why, I mean, it seems to me that where, you know, there's argument about whether the length of the transcript makes any difference, but it seems to me that if you're dealing with 50 pages versus 5000 pages, you know, a simple statement might be enough for the 50 pages and be completely insufficient for the 500. So do you agree that it's contextual in that sense? Well, respectfully, Your Honor, we wouldn't think it was contextual in the sense of how long the administrative record is or the length of the transcript, because that would then give an arbitrary standard and how would the board know how many pages is the standard when they have to review versus when they don't. Right, but when you have a, okay, you have a statement here that he's afraid to return to Cuba because of his political opinion. And the IJ found against him on his, that he had a legitimate fear of returning because of his political opinion. Why isn't that specific enough and why, in the context of something that's very short to review, so therefore there's not much to search through and there's nothing to speculate about? Well, what the board is following is it's regulations as it may summarily dismiss. So it is a discretionary determination. So what the court would be looking for is an abuse of discretion and the board did not abuse of discretion to find that not sufficiently specific because it's not clear from a statement that a person fears return on account of political opinion that they're challenging the past persecution finding, the nexus finding, whether they have a fear of harm that would be persecuted. So even if we assume it's nexus, the board could say it doesn't matter because the harm that you fear is not persecution and uphold the board. So there, without knowing what specifically Mr. Molina Curio thought the immigration judge did wrong, the board is left without that specific specificity and doesn't have the meaningful guidance to help it know what is the legal issue that this person is, is claiming. And independently, even if it found that sufficiently specific, the regulation permits the board to dismiss summarily the decision for the failure to file a brief or statement or an explanation why they didn't file the brief. And so we also have that problem here. Doesn't the Ninth Circuit precedent make that a problem with pro ses on dismissing? I mean, you know, there is, we have that kind of like, picky picky, but Ninth Circuit precedent. No, true. That is true, Your Honor. Respectfully, yes. And so if this were extremely specific, and to use your example, saying the IJ was wrong on page three, when it said, blah, blah, blah, because of X, very, very specific. Do you still take the position that the failure to file a brief permits dismissal? I want to be sure that I understand your position on that. I think as a pro se petitioner, there would be more of a problem in terms of the board dismissing based on the failure to file the brief with that level of specificity. Especially because he's pro se. The court has found that a sufficiently specific notice of appeal without a brief was okay as a summary dismissal, but that person did have counsel. So I think we could say with a pro se person who they provide a sufficiently specific reason in their notice of appeal, but failed to file the brief. I think that would be a different question that we'd have to consider. Did the board abuse its discretion by not looking at Ninth Circuit case, while looking at what we've said about that failure to file a brief? And here, what the board had before it, and another interesting wrinkle. I guess, I'm still waiting. Do you concede that if the only thing that petitioner did wrong was he didn't file a brief, that's not enough? I'm your Ninth Circuit president. Yes, Your Honor. As long as the statement was sufficiently specific. Because here, the board was clear that it wasn't specific and he didn't file a brief. So he had two problems there because he could have even just filed a statement similar to what he filed here in his petition for review that said, I was unable to file a board brief because I don't have a lawyer. And we'd be in a different position because the board would know why he didn't file the brief. So the board may, I can't speculate on what the board would have done, but it has the discretion of whether to summarily dismiss and perhaps it had that information. Does his detention matter in determining whether the notice of appeal was sufficiently specific? No, I don't think the detention makes a difference on whether it was sufficiently specific. The requirement for being specific is to give enough information to put the board on notice. And so it's a matter of whether the board abused its discretion in determining that this wasn't sufficiently specific. And as I pointed out, we don't know if he's challenging, we don't know if he's challenging the persecution finding, the nexus finding, and even if the board assumed it was the nexus finding and then determined that, well, maybe it's political opinion, but it's not going to be persecution. That's the harm. It would still have denied the position. Wait a minute, wait a minute, counsel. We don't get to the merits of this. It doesn't matter whether we'll be denied. That's not the issue before us. Presumably the person who is entitled to review may very well lose, but that's a different issue and one that we don't grapple with here. So why should we care whether it would be successful? You're correct. The court should not care whether he would be successful if the board had reviewed it. The question is just, was it an abuse of discretion for the board to summarily dismiss? And given the different types of cases where the court has looked at different information and a notice of appeal, this one simply is not sufficient enough to let the board know what Mr. Molina-Correa was specifically challenging, what details were factually wrong. Let me ask you this, Ms. Gordon. I asked this of Mr. Gordon, I guess. So either your relative on the other side or your friend, our friendly colleagues, let's just call it that. I asked him if the matter of Valencia and Topero applied to non-citizens filing this strict specificity. And he said, yes, but, and then, so I want to ask you the degree of specificity requirement that's laid out there. Is it the same for a non-citizen acting pro se as opposed to say a civil litigant that's a citizen acting pro se? Yes, it would be the same, Your Honor, because the specificity requirement is just asking that the board be put on notice of those precise details, legal and factual questions. I guess I'm just asking them to be legal. Yes, you say it applies, but that is a distinction between those cases. In one case, they're citizens, the other case, they're non-citizens. So, you know, there are people that seem to think like, okay, we know in criminal, you have a right to an attorney. We know citizens in civil, there's no civil Gideon. Okay. But a lot of people look at people trying to stay here as in this sort of limbo situation. So I don't know that it automatically connects the dots that a case applying to civil litigants that are citizens is a direct match with a non-citizen case. I mean, I was kind of surprised by the other Gordon's answer there on that, but then, okay, that's all right. I don't need any more on that. I have a question really quick if you'll grant me leave. So you have talked a lot about the standard of review being of use of discretion. And it's true that whether the BIA erred in summarily dismissing a case is a discretionary decision. What I'm unsure about, however, is we review due process issues de novo. And the argument really here is a due process that a summary dismissal was a violation of due process. So what do we do with the standard of review? Well, you would review the court has previously your honor. The court has previously stated that summary dismissal itself is not a violation of due process. So the fact of the board's process for summarily dismissing and appeal for the lack of specificity is not a violation of due process. So the fact that, so we, I guess if we're looking at if it's, if he was violated due process, the question is here, I'm not sure where the due process violation fell in because he didn't provide the sufficient specificity under the board. So we would say if it wasn't sufficiently specific, the board did it abuse its discretion and finding that it wasn't sufficiently specific. And then if the court. Didn't Garcia-Cortez say though that due process requires that non-citizens who are appealing to the BIA must have a fair opportunity to present their case on the merits. So didn't we hold that it's a due process question? Yes. And, and, and we agree that they should have the opportunity. The challenge here is that that Mr. Molina-Carrillo didn't, the board looked at the statement and felt that it wasn't specific enough to know what Mr. Molina-Carrillo was challenging. And then if we see some of the due process questions being, well, he said he couldn't file a brief because he didn't have an attorney. Well, the board didn't know that. And if Mr. Molina-Carrillo had just filed a follow-up statement, the simple sentence, like he said in the petition for review, that the due date was November 22nd. And I didn't file the brief because I didn't have an attorney. We'd be in a different position because we would be looking at. Why would we be in a different position if, if he, that would have eliminated one of the reasons the BIA gave, but how would that affect specificity, which is your main argument here? It wouldn't affect the specificity, but it would look at the, the due process issue where like the specificity we still argue is it's not sufficiently specific. So it's okay to summarily dismiss. But the due process claims, as I saw them being raised was that the board should have heard it because they disagreed on specificity, but also we couldn't file the brief because he didn't have an attorney, but the board didn't know that. And so all the board had before it was, this wasn't specific enough. And we feel that the board did not abuse its discretion and concluding it wasn't specific enough because it doesn't know what Mr. Molina-Carrillo means by, I have a fear of return. What did the IJ do wrong? That's the question. And we don't know what he was challenging. Thank you, council. Thank you for your time. Mr. Gordon. Yes. I want to point out a couple of unique things about this case that I've noticed here. First of all, the idea that you can file a petition for review while you're, while your appeal is still pending at the board is a relatively new development in law in this circuit in petitions for review. And I think it was very confusing to the petitioner to in that context of what he was supposed to do with the board when he could file a petition for review to this court. Given his, his, I believe he has a high school education, given that he is detained. And I think detention is a problem because, because he has limited access to counsel. And I, I think that that is a factor. In fact, I didn't even know whether you could file a petition for review while, while an appeal is pending at the board when he first, when I first got in contact with him. I had to research that myself and I discovered that the precedent in the court allows it. So I think that is a factor in terms of what he was telling the board, because he thought he could file with this court and have this court look at the, look at the appeal. Another point that I want to mention is, this is Cuba. Many of the cases that have, that have affirmed summary dismissal in recent years, deal with the Central American countries that were covered by matter of AB, as I had noted in my brief. This is Cuba. This is a country with a repressive dictatorship. And we need to, we need to look really carefully at the overall scope of what's going on here in terms of. Well, I mean, the problem that I would have with that position is we're talking about a generally applicable rule that applies to all immigration cases. So while certain cases and certain countries might have a particularly compelling situation going on, this rule that we have to apply in this case is a generally applicable rule and we can't shape it based on what's going on in the case. But you have, but you have a notice of notice of appeal, which talks about political opinion from Cuba. That's the, that's the issue. I think what I would have to agree with my colleague, Judge Forrest, in the sense, what you're asking me to do is say, well, I've seen a lot of good cases. People make a lot of good cases out of Cuba. And I see a lot of not very good cases out of Guatemala. So I would apply it differently. I know if it's a Cuba case, there's probably something to it. And if it's a Guatemala case, there's not. So that's kind of the peek under the covers that we just nailed your colleague, Ms. Gordon, for when she was saying, you know, I mean, if we can peek under the covers and say, you have a good case, then that doesn't, that gets away from the general. I understand, but that's not exactly what I'm saying. What I'm saying is that this notice of appeal hits a very narrow issue that, that he has a fear of persecution on his return to Cuba. I don't think on that very narrow issue that the board, the board is correct. The board could have reviewed that issue, whether he has a fear of going, of going back to Cuba. That's, that's the very, very narrow issue. Thank you, counsel. Thank you, Your Honor. We appreciate the helpful arguments from both of you. And the case just argued is now submitted. Thank you. Thank you.
judges: Graber, Callahan, Forrest